UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Day, V,

    Plaintiff,

v.

Enterprise Mobility,

    Defendant.

Case No. 3:25-cv-296

MEMORANDUM OF OPINION
AND ORDER

## I. INTRODUCTION

*Pro se* plaintiff Edward Day filed this action against Enterprise Mobility, alleging it violated his federal and state civil rights through employment discrimination and retaliation. (Doc. No. 1). Defendant has filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted because he has not alleged sufficient facts demonstrating that he exhausted his administrative remedies prior to filing suit. (Doc. No. 7). Plaintiff opposes Defendant's motion to dismiss. (Doc. No. 8). Defendant filed a brief in reply, (Doc. No. 9), and Plaintiff filed a sur-reply brief without leave of court. (Doc. No. 10). Defendant then moved to strike Plaintiff's sur-reply. (Doc. No. 11). For the following reasons, I deny Defendant's motion to strike and deny without prejudice its motion to dismiss Plaintiff's complaint.

## II. BACKGROUND

In his complaint, Plaintiff states that he has been employed by Defendant since June 2021 at a rental car business it owns and operates under the name Enterprise Rent-A-Car in Maumee, Ohio.

(Doc. No. 1 at 1.)[1]  He claims that while working there as an assistant branch manager, he has experienced race discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, *et seq.*, and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02, *et seq.*  (*Id.* at 2-6).  Plaintiff asserts that he exhausted all administrative remedies before the Equal Employment Opportunity Commission ("EEOC") prior to filing his complaint, though he did not attach any documentation to his complaint supporting that assertion. (*Id.* at 2.)

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff has not alleged sufficient facts demonstrating that he exhausted his administrative remedies before filing his complaint.  (Doc. No. 7).

### III. STANDARD

To survive a motion to dismiss under Federal Civil Rule 12(b)(6), a complaint must contain sufficient facts, which, if accepted as true, state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).  Facial plausibility exists if the plaintiff alleges factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  The court "'need not accept as true legal conclusions or unwarranted factual inferences.'"  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

Plaintiffs are obligated to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] Defendant states in its motion to dismiss that Enterprise Mobility is a brand name, not a legal entity.  (Doc. No. 7-1 at 1, n.1).  It explains that the proper name of Plaintiff's employer is CLERAC, LLC, which rents and sells vehicles through rental brands, including Enterprise Rent-A-Car.  (*Id.*).

(2007).  Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  Dismissal is warranted if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face.  *Id.* at 570.

Courts apply a more lenient standard to complaints filed by *pro se* plaintiffs rather than lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But *pro se* plaintiffs still must plead factual allegations that are more than mere speculation.  *See, e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (liberal construction for *pro se* litigants does not "abrogate basic pleading essentials").  District courts are not required to "conjure up questions never squarely presented to them" or "construct full blown claims from sentence fragments . . . ."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  To do so would require them "to explore exhaustively all potential claims of a *pro se* plaintiff[ and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.*

### IV. ANALYSIS

**A.  MOTION TO STRIKE**

Neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court anticipate the filing of a sur-reply brief in response to a motion.  A court may grant leave to file a sur-reply brief if the party seeking to file the sur-reply brief has shown there is good cause to support that additional filing, such as the need to address an issue that was raised for the first time in a reply brief.  *See, e.g., Key v. Shelby Cnty.*, 551 F. App'x 262, 264-65 (6th Cir. 2014); *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580-81 (S.D. Ohio 2010).

Plaintiff did not first request leave to file his sur-reply brief.  And he did not identify any reason with the additional filing was necessary, much less good cause to support it.  Thus, Defendant moved to strike the brief.  (Doc. No. 11).

But the Federal Rules of Civil Procedure also do not provide for motions to strike briefing. Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of this motion "'avoid[s] the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted). Such motions are disfavored. *Id.*

The movant must demonstrate the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant[]." *See* 2 Moore's Federal Practice § 12.37[3] (3d ed. 2017). Motions to strike are aimed at material contained in pleadings. *See Fox v. Mich. State Police Dep't*, 173 Fed. App'x 372, 375 (6th Cir. 2006).

Defendant fails to show that I should strike Plaintiff's filing, as it is not a pleading. Therefore, I deny its motion. But, because Plaintiff did not first obtain leave to file it, I will not consider the sur-reply brief in analyzing Defendant's motion to dismiss.

**B.    MOTION TO DISMISS**

Defendant contends that Plaintiff's complaint should be dismissed because it fails to allege sufficient facts demonstrating that he exhausted his administrative remedies as mandated under federal and Ohio law. (Doc. No. 7). Before filing a Title VII action in federal court, plaintiffs must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC and receiving a right-to-sue letter from the commission. 42 U.S.C. § 2000e–5(f)(1); *see also Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). This claim-processing rule "must be enforced if properly raised by the employer." *Alexander v. University of Memphis*, No. 20-5426, 2021 WL 2579973, at *3 (6th Cir. June 7, 2021) (citing *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017)).

4

Similarly, plaintiffs must exhaust Ohio employment discrimination and retaliation claims by first filing a charge with the Ohio Civil Rights Commission ("OCRC") and obtaining a right-to-sue letter from that commission. Ohio Rev. Code § 4112.052(B)(1). Employees also may elect dual filing of the charge of discrimination with both agencies. *See, e.g., Ross v. ITT Cleveland Motion Control*, Case No. 1:09 CV 2220, 2010 WL 779999, at *3

Here, Plaintiff asserts in his complaint in a conclusory fashion that he has "exhausted all necessary administrative remedies before the [EEOC]." (Doc. No. 1 at 2). He did not attach to the complaint any documentation supporting this assertion. He did, however, submit a right-to-sue letter from the EEOC with his brief opposing Defendant's motion to dismiss. (Doc. No. 8-2 at 1-2). But, while the charge numbers listed in the complaint and in the right-to-sue letter match, the right-to-sue letter is not sufficient evidence that Plaintiff exhausted his administrative remedies before filing suit in this court. The letter does not describe the nature of Plaintiff's charge or identify whom the charge was against. And there is no indication the right-to-sue letter also encompasses Plaintiff's state-law claims.

Therefore, I order Plaintiff to file a copy of the EEOC charge, as well as records of any OCRC proceedings, within 21 days of the issuance of this Memorandum Opinion and Order. If Plaintiff does not comply with this deadline, this case will be dismissed with prejudice for want of prosecution.

## V. CONCLUSION

For the reasons above, I deny Defendant's motion to dismiss without prejudice. (Doc. No. 7). Plaintiff shall file a copy of the EEOC charge and any OCRC records within 21 days of the date of this Memorandum Opinion and Order or the case will be dismissed with prejudice.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge